J-S47015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ISAAC LUIS MORRIS, | |
| Appellant | No. 59 MDA 2015 |

Appeal from the Judgment of Sentence entered December 9, 2014,
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0001738-2014

BEFORE:  ALLEN, OTT, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JULY 28, 2015**

Isaac Luis Morris ("Appellant") appeals from the judgment of sentence imposed after the trial court found him guilty of, *inter alia*, the summary offense of public drunkenness.  18 Pa.C.S.A. § 5505.  We affirm.

On appeal, Appellant presents us with a single issue:

> I.    Whether the Commonwealth failed to present sufficient evidence to sustain Appellant's conviction for public drunkenness where the Commonwealth failed to prove that Appellant was manifestly under the influence of alcohol to the degree that he could have endangered himself or other persons or annoyed persons in his vicinity?

Appellant's Brief at 4.

We initially note:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict[-]winner, are sufficient to

*Retired Senior Judge assigned to the Superior Court.

establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part, or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Emler*, 903 A.2d 1273, 1276-1277 (Pa. Super. 2006) (citation omitted).

The public drunkenness statute states:

A person is guilty of a summary offense if he appears in any public place manifestly under the influence of alcohol or a controlled substance . . . to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity.

18 Pa.C.S. § 5505.

Appellant argues that the evidence was insufficient to sustain his conviction for public drunkenness because "the evidence failed to establish that he was intoxicated, and as the only people in Appellant's vicinity to annoy were police officers, his conviction cannot stand." Appellant's Brief at 7. The record does not support Appellant's argument.

At his trial, Appellant did not present any witnesses. The Commonwealth presented two witnesses: Harrisburg Police Officer Colin Kerns, and Harrisburg Police Officer Thomas McGarrity.

On the afternoon of March 8, 2014, Officer Kerns received a report of a fight at North 18th Street and Park Street. N.T., 12/9/14, at 41-42. There was no "active fight" when Officer Kerns arrived, but he remained in the area for approximately 45 minutes. *Id*. at 42. Around 3:00 p.m., Appellant approached the driver's side of Officer Kerns' patrol vehicle, smelling "of an odor of alcoholic beverage", and "yelling about the fight." *Id*. at 43. Addressing Officer Kerns, Appellant asked, "Why the fuck can't you dumb-ass cops stop these punk-ass kids from fighting?" *Id*. Appellant then walked away, screaming back at Officer Kerns that he was a "pussy-ass cop." *Id*. at 44, 70. Officer Kerns encountered Appellant again later that evening, when he saw Appellant on Market Street "stumbling from side to side on the sidewalk." *Id*. at 46. Officer Kerns testified:

> [Appellant] cut across Market Street. The way he was stumbling, I assumed he was still intoxicated, or possibly intoxicated like from the first encounter I had with him, so that's why I decided I wanted to stop him.

*Id*. at 69.

Officer Kerns approached Appellant on suspicion of public drunkenness, and Appellant fled. *Id*. at 77-87. During his flight, Appellant "ran directly into" Officer McGarrity. *Id*. at 87. Officer McGarrity testified that he and Appellant "ended up kind of rolling around on the sidewalk, kind of fighting for control." *Id*. Officer McGarrity described Appellant:

> Screaming, cursing at us, at one point he started calling us "crackers" and he made a reference that he was a ranger, I

assume like an Army Ranger. He said he was gonna whip my ass, quote, whip my ass.

*Id*. at 89.

Given the foregoing, there existed sufficient evidence to support Appellant's arrest for public drunkenness, *see Thomas v. City of Erie*, 236 Fed.Appx. 772, 2007 WL 1666585 (police officers had probable cause to arrest for public intoxication where arrestee was staggering, had bloodshot eyes, and the smell of alcohol on his breath). Moreover, viewing the evidence in the light most favorable to the Commonwealth, the evidence was sufficient to support the trial court's conclusion that Appellant was guilty of public drunkenness. Although the Commonwealth's evidence was circumstantial, it was unrefuted. In addition, the public drunkenness statute, which provides that a person is guilty if he "appears in any public place manifestly under the influence of alcohol . . . to the degree that he may . . . annoy persons in his vicinity", does not exempt police officers from being "persons in the vicinity" who "may be annoyed." 18 Pa.C.S. § 5505. Further, although Officer Kerns testified that as a police officer, he is "cursed out all the time" and it does not bother him "at all", N.T., 12/9/14, at 63-64, the language of the statute specifies that the behavior of the actor be such that it "may" annoy, and does not require that the actor under the influence of alcohol shall or actually annoy with his drunken behavior.

Instantly, after hearing the testimony of the police officers, the trial court acted within its province as fact-finder in convicting Appellant of the

summary offense of public drunkenness. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015